The STATE of Ohio, Appellee,

v.

COLLINS, Appellant.

[Cite as *State v. Collins* (1993), 88 Ohio App.3d 291.]

Court of Appeals of Ohio,
Montgomery County.

No. 13495.

Decided June 17, 1993.

*Richard L. Duncan,* for appellee.

*Victor A. Hodge,* for appellant.

WILSON, Judge.

A jury found the defendant-appellant, Timothy L. Collins ("defendant"), guilty of obstructing official business and resisting arrest and not guilty of assault.

The operating facts in this case began in the city of Moraine on March 9, 1992 when Charles Huber, Moraine's building and zoning inspector, observed the defendant and another person dumping grass clippings from a pick-up truck on a lot known as 3669 Pinnacle Road in Moraine. The lot is owned by the defendant's parents.

The inspector intended to issue a citation for dumping in violation of Moraine Ordinances. However, the defendant refused to identify himself. The inspector then left the premises after taking pictures of the defendant and the truck.

On March 31, 1992 at approximately 5:00 p.m. Huber again observed the defendant dumping grass clippings from the same truck and on the same lot. He then asked for police assistance. Officer Chesney responded to the call.

The inspector related the events of March 9, 1992 to Officer Chesney who then approached the defendant while he was unloading topsoil and vegetation.

The defendant declined to identify himself after being requested to do so by Chesney. Thereafter Chesney requested assistance from his sergeant.

The defendant continued to unload his truck. After unloading, the defendant entered the cab and started the motor. Chesney positioned himself in front of the truck and instructed the defendant to remain, stating that the sergeant had arrived.

The truck then moved forward "until he struck me." Chesney then moved to the driver's side of the truck. "I told him he was under arrest, to shut the vehicle off and not to move."

The truck door was locked and the truck continued to move forty or fifty yards. Chesney testified that he was able to jog along beside the truck. He repeatedly told the defendant to stop the vehicle and that he was under arrest. Thereafter the defendant was removed from the vehicle and taken into custody.

The defendant has appealed from his convictions for resisting arrest and obstructing official business. In a separate proceeding the defendant was convicted of violating a Moraine ordinance which prohibits the accumulation of trash or waste. We reversed that conviction on March 29, 1993 in our unreported opinion in case No. CA 13532, 1993 WL 106144.

There are three assignments of error in the appeal presently before us. The first is:

"The trial court erred in entering a conviction for obstructing of official business when the judgment was obtained on the basis that appellant refused to identify himself to the police."

R.C. 2921.31 makes "obstructing official business" a crime. Subsection (A) provides:

"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

■ We agree with the appellant that his mere refusal to disclose his name to a police officer will not support a conviction for obstructing official business. However, the record before us reflects the fact that the defendant also took affirmative action which hampered or impeded Officer Chesney in the performance of his lawful duties.

The first assignment of error is overruled.

The last two assignments of error challenge the defendant's conviction for resisting arrest. The second assignment of error provides:

"Appellant's right to due process was violated by the court's failure to require the state to prove a lawful arrest as an element of the offense of resisting arrest.

R.C. 2923.33(A) provides:

"No person, recklessly or by force, shall resist or interfere with the lawful arrest of himself or another."

The trial court began the instructions on resisting arrest by telling the jury that before you can find the defendant guilty of resisting arrest you must find that "the defendant recklessly by force resisted the arrest of himself."

The instruction was the same as suggested in Ohio Jury Instructions Form 521.33, paragraph 1, except that the word "arrest" was used rather than the words "lawful arrest" in describing the necessary elements of the offense.

The court then proceeded to define "recklessly," "force" and "resist." The court then gave the Ohio Jury Instructions Form 521.33, paragraph 5 definition of "arrest" which defines "arrest" without regard to whether the arrest was lawful.

The court then gave the definition of "lawful arrest" as suggested in former Ohio Jury Instructions Form 523.33, paragraph 6; however, the court did not tell the jury that it was defining "lawful arrest."

The court then gave the following instruction which was taken from *Columbus v. Fraley* (1975), 41 Ohio St.2d 173, 70 O.O.2d 335, 324 N.E.2d 735:

"In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances."

The *Fraley* charge was also given as part of the instructions given on the charge of obstructing official business.

The resisting arrest instructions before us are similar to the instructions in the resisted arrest case before the Sixth Circuit in *Hoover v. Garfield Hts. Mun.*

*Court* (C.A.6, 1986), 802 F.2d 168. In this case the court held the *Fraley* instruction to be erroneous.

■ We think that the jury could have reasonably concluded from the instructions given that they could find Collins guilty of resisting arrest even if the arrest was not lawful.

■ The defendant did not object to the instructions. Under these circumstances the defendant may not assign as error the instructions as given. Crim.R. 30(A). It follows that we are required to overrule the second assignment of error absent the existence of plain error.

"The failure to object to jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332, syllabus.

In *State v. Underwood* Underwood was convicted of murder. The court's instructions on the included offense of voluntary manslaughter contained improprieties; however, the defendant did not object to the instructions. The court affirmed the murder conviction finding that the improper instructions on voluntary manslaughter did not clearly affect the murder conviction.

The facts before us differ from those in *Underwood* in that the faulty instruction on the essential element of "lawful arrest" goes to the charge on which the defendant was convicted.

■ The law is clear "that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

In *Hoover, supra,* at 178, the following appears in the opinion which in effect reverses a conviction for resisting arrest because of jury instruction similar to the instruction before us:

"In the present case, however, the *Winship* principle is violated. Because the jury was not instructed on the element of lawful arrest, it did not find beyond a reasonable doubt 'every fact necessary' to establish every element of resisting arrest. This violation of due process cannot be considered harmless error.

"In sum, we conclude that the failure to instruct the jury on an essential element of the crime charged is one of the exceptional constitutional errors to which the *Chapman* [*v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705] harmless error analysis does not apply." (Emphasis deleted.)

The second assignment of error is sustained.

The third assignment of error is:

"Appellant's conviction for resisting arrest is contrary to law."

In view of our disposition of the second assignment of error the third assignment of error is moot.

The conviction for obstructing official business is affirmed. The conviction for resisting arrest is reversed and the case is remanded for further proceedings.

*Judgment accordingly.*

FAIN and FREDERICK N. YOUNG, JJ., concur.

RICHARD K. WILSON, J., retired, of the Second Appellate District sitting by assignment.