The STATE of Ohio, Appellee,

v.

HENDREN, Appellant.

[Cite as *State v. Hendren* (1996), 110 Ohio App.3d 496.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 95–A–0051.

Decided April 22, 1996.

*Gregory J. Brown,* Ashtabula County Prosecuting Attorney, for appellee.

*William E. McCarthy,* Ashtabula County Public Defender, for appellant.

JOSEPH E. MAHONEY, Judge.

In the early morning hours of June 1, 1994, Police Chief Gerald Pristera of the Geneva–on–the–Lake Police Department responded to a 9-1-1 call at 4837 Presidential Drive regarding a domestic dispute. When he arrived, a male, Gene Lewis, was standing in the middle of the street waving his arms and yelling for help. Lewis claimed that appellant, Deborah Hendren, was inside the house with her children and that she was using marijuana. Chief Pristera attempted to calm down Lewis and he had Lewis sit in the back seat of his patrol car.

Appellant then came out of the house to see what the commotion was about. Chief Pristera approached appellant and conveyed to her the allegations made by Lewis. Appellant denied the allegations and attempted to return to her house.

The chief attempted to keep appellant from returning to her house until he could obtain a search warrant. Appellant was yelling and a scuffle ensued. Appellant was placed under arrest and Chief Pristera tried to get her into the front seat of his patrol car as Lewis was already in the back seat. Appellant put up a fight so Chief Pristera sprayed her in the face with pepper mace.

Once appellant had been subdued and two backup officers arrived on the scene, Lewis, who lived with appellant, escorted the officers into the house to search for narcotics. The search came up empty. One of the officers testified that Lewis was obviously under the influence of alcohol and possibly narcotics, a suspicion that was verified by Lewis at trial.

On June 23, 1994, appellant was charged with aggravated disorderly conduct in violation of R.C. 2917.11(A)(2) and resisting arrest in violation of R.C. 2921.33(A). On October 13, 1994, appellant filed a motion to suppress all written and/or oral statements given to the Geneva–on–the–Lake police, as her statements were not freely given and, further, that any evidence obtained as a result of her arrest should be suppressed as there was no probable cause for her arrest. The trial court overruled appellant's suppression motion on February 13, 1995.

The matter proceeded to a jury trial beginning on June 6, 1995. Appellant made a motion for acquittal at the end of the state's case and again at the end of her own case. The trial court overruled both motions. The jury found appellant guilty of resisting arrest but not guilty of the underlying offense of aggravated disorderly conduct. The court stayed execution of the July 5, 1995 sentence pending appeal.

Appellant timely filed a notice of appeal with the following assignments of error:

"1. The trial court erred to the prejudice of appellant by failing to instruct the jury on the element of lawful arrest in a prosecution for resisting arrest thus depriving defendant of due process and a fair trial.

"2. The trial court erred to the prejudice of appellant by instructing the jury on the elements of unlawful arrest when the appellant was charged with resisting her lawful arrest thus depriving defendant of due process and a fair trial.

"3. The trial court erred to the prejudice of appellant by failing to grant appellant's motions for acquittal at the end of the state and defense cases."

In the first assignment of error, appellant contends that the trial court erred by failing to properly instruct the jury on the element of a lawful arrest in a prosecution for resisting arrest. In the second assignment of error, appellant asserts that the trial court erred by improperly instructing the jury on the elements of an unlawful arrest in connection with the resisting arrest charge. These assignments of error are interrelated and, thus, will be addressed together.

Appellant was charged with resisting arrest in violation of R.C. 2921.33(A). That statute provides:

"No person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another."

The trial court instructed the jury, in part:

"Now the Defendant, Debbie Hendren, is charged with resisting arrest. Before you can find the defendant guilty of that charge, you must find beyond a reasonable doubt that on or about June 1, 1994, in the Village of Geneva–on–the–Lake, Ashtabula County, Ohio, the Defendant recklessly or by force resisted the lawful arrest—I'm sorry, resisted or interfered with the lawful arrest of herself."

It is undisputed that this portion of the jury instruction was correct. It reflects the language of the statute that requires a lawful arrest as an element of resisting arrest. However, the instruction also included the following language:

"In the absence of excessive and unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he or she knows or has good reason to believe is an authorized police officer engaged in the performance of his duties *whether or not the arrest is illegal* under the circumstances." (Emphasis added.)

The inclusion of this language was specifically objected to by appellant prior to the delivery of the instruction to the jury. Appellant argued that it is never unlawful to resist an unlawful arrest. We agree. Under the plain language of R.C. 2921.33(A), a lawful arrest is an element of the crime. *Lake Cty. Metro. Park Dist. v. LaMacchia* (Sept. 30, 1992), Lake App. No. 91–L–110, unreported, 1992 WL 267355; see, also, *Hoover v. Garfield Hts. Mun. Court* (C.A.6, 1986), 802 F.2d 168, 174; *State v. Collins* (1993), 88 Ohio App.3d 291, 294–295, 623 N.E.2d 1269, 1270–1272.

In the case *sub judice,* the trial court relied on the decision by the Supreme Court of Ohio in *Columbus v. Fraley* (1975), 41 Ohio St.2d 173, 70 O.O.2d 335, 324 N.E.2d 735, wherein the court held in paragraph three of the syllabus:

"In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances."

However, as this court held in *LaMacchia, supra, Fraley* is distinguishable and not binding on this court because the *Fraley* court was not construing R.C. 2921.33(A), which makes a lawful arrest an element of resisting arrest but, rather, a Columbus ordinance which did not make lawfulness of the arrest an element of

the crime. Accordingly, the trial court's instruction that a private citizen may not use force to resist an unlawful arrest was erroneous.

Hence, appellant's first two assignments of error are sustained.

In the third assignment of error, appellant contends that the trial court erred by failing to grant her motions for acquittal. This assignment of error is made moot by our decision with respect to appellant's first two assignments of error and, thus, need not be addressed pursuant to App.R. 12(A)(1)(c).

The judgment of the trial court is reversed and the matter remanded for a new trial on the resisting arrest charge.

*Judgment accordingly.*

CHRISTLEY, P.J., and NADER, J., concur.