I respectfully dissent from the opinion set forth by my colleagues which unnecessarily distinguishes our prior holding in City of Youngstown v. Jackson (Mar. 30, 1995), Mahoning App. No. 92 C.A. 70, unreported, and State v. McCrone (1989),63 Ohio App.3d 831. The term "lawful arrest" as contemplated by R.C. 2921.33 is not necessarily synonymous with "valid arrest." Rather, the "arrest" in said section of the Revised Code embraces a concept much broader than a full custodial arrest and includes investigative stops and citation detentions.
The majority seems to be indicating (similar to some other appellate districts),[1] that one can never be guilty of resisting arrest if the arrest being resisted is subsequently determined to be invalid, or unlawful. I interpret R.C. 2921.33(A)'s reference to "lawful arrest" as having more to do with the lawful ability to arrest than it does with whether or not the arrest is subsequently found to be valid.
Such an inference is proper when one considers the rationale set forth by the Supreme Court in Columbus v. Fraley (1975),41 Ohio St.2d 173, 70 O.O.2d 335, paragraph three of the syllabus:
 "In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances."
Furthermore, the Supreme Court of this state observed inState v. Mann (1985), 19 Ohio St.3d 34, 38:
 "In this case, appellant was accused of resisting arrest in violation of R.C. 2921.33. This statute does not require that a defendant be found guilty of the offense for which he was arrested. * * * [A]ppellant's contention that the police lacked probable cause to arrest him is an unpersuasive defense to the charge of resisting arrest."
It is a court of law that ultimately determines whether an arrest was lawful. To allow a citizen being arrested to make his or her subjective determination that their arrest is unlawful and that resistance to that arrest is justified, substitutes chaos for order.
APPROVED:
 ---------------------------- Joseph J. Vukovich Judge
[1] See, e.g. State v. Hendren (1996), 110 Ohio App.3d 496 (11th Dist.).