This is an appeal from the Pike County Court. Defendant-Appellant Alley was convicted of resisting arrest and takes this appeal designating five claims of error.
Facts: Pike County Deputy Sheriffs Ford, Siders, and Bettencourt answered a domestic violence call at the IGA Market in Beaver. There they talked to Carol Brown who said she had been assaulted by defendant, who was at his home on Salem Cave Road. She also told the deputies that he might possibly have a gun and that the back door was unlocked. The three deputies went there, arriving around 1:30 a.m. The house was dark and the deputies entered through the back door, using their flashlights. They went into Alley's bedroom and woke him up. Deputy Bettencourt testified that as Alley was sitting on the bed, he told him he was under arrest and Alley swung his arm back to hit him. Bettencourt then hit Alley on the head with his flashlight. The scuffle lasted about fifteen seconds, and Alley was handcuffed. The cuffs were removed so Alley could get dressed and Bettencourt did some basic first aid. Alley was taken to the Pike County Hospital. On the way from the hospital to the Pike County jail, Alley was combative, calling the officers names and kicking the door and cage of the cruiser. Deputy Ford stopped the cruiser and maced Alley.
Alley file a motion to suppress which was overruled. At a trial by jury, Alley was found guilty of resisting arrest, not guilty of assault, but guilty of the lesser offense of disorderly conduct.
 ASSIGNMENT OF ERROR ONE "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS AND/OR TO SUPPRESS EVIDENCE AS A RESULT OF AN UNLAWFUL ARREST."
When reviewing a motion to suppress, we apply a de novo
standard to legal questions and a clearly erroneous standard to factual findings. We accept the trial court's findings of fact and rely on its ability to evaluate the credibility of the witnesses, State v. Clay (1972), 34 Ohio St.2d 250, and then we independently determine, without deference to the trial court, whether the court has applied the appropriate legal standard.State v. Simmons (Aug. 30, 1990), Wash. App. No. 89 CA 18, unreported. The facts in this case are not disputed, but the appropriate legal standard is.
The Fourth Amendment, as applied to the states through the Fourteenth Amendment, prohibits warrantless, nonconsensual entry into a suspect's home for a routine felony arrest.Payton v. New York (1980), 445 U.S. 573, 63 L.Ed.2d 639,100 S.Ct. 1371. Exigent circumstances, such as destruction of evidence, may create an exception, State v. Akron Airport PostNo. 8975 (1985), 19 Ohio St.3d 49. Also, the seriousness of the underlying offense has been recognized as an important factor in determining whether an exigency exists, but in Welsh v.Wisconsin (1984), 466 U.S. 740, 753, 80 L.Ed.2d 732, 745,104 S.Ct. 2091, the Supreme Court held that a warrantless entry on a minor charge, drunk driving, cannot be justified as exigent circumstances.
The appellee does not assert exigent circumstances, but claims the arrest was proper on the authority of State v.Campana (1996), 112 Ohio App.3d 297, 678 N.E.2d 626. InCampana, the court reached the conclusion that the application of R.C. 2935.12 is limited to entries by violent, forcible action, a conclusion we are not ready to make in this case, but the court went on to says as follows,
 "However, appellant's claim that his arrest was unlawful in that it violated his constitutional rights is correct. The Fourth Amendment was designed to protect individuals from unreasonable government intrusions in areas where they have a reasonable expectation of privacy. State v. Hall
(June 30, 1986), Lucas App. No. L-85-403, unreported, 1986 WL 7373. In Wilson v. Arkansas
(1995), 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976, the United States Supreme Court interpreted the Fourth Amendment to incorporate the common-law principle of 'knock-and-announce' prior to entering a residence. However, that court decided that whether an officer should announce his presence is merely a factor in assessing the reasonableness of a search or seizure. In other words an officer must act reasonably.
 If an officer enters a home without waiting an adequate time after knocking and fails to announce his intention, with no exigent circumstances present, the entry is unlawful. State v. Valentine
(1991), 74 Ohio App.3d 110, 598 N.E.2d 82; State v. DeFiore (1979), 64 Ohio App.2d 115, * * *
 In this case, appellant's conviction for resisting arrest cannot pass constitutional muster in that the arrest was unlawful. The officers failed to knock and announce themselves before entering the workshop.
 The arrest was unlawful where the officers failed to follow the knock-and-announce requirement before entering the defendant's home workshop."
In the case before us, there was no attempt by the deputies to knock and announce themselves. They gained entry surreptitiously through an unlocked back door, and, therefore, the arrest made following this entry is unlawful.
Assignment of Error I is well taken and is sustained.
In light of our holding in Assignment of Error 1, we next consider Assignment of Error IV.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED IN THE INSTRUCTIONS TO THE JURY ON THE QUESTION OF THE LAWFULNESS OF THE DEFENDANT'S ARREST AND OF HIS RIGHT TO RESIST AN ARREST WHERE EXCESSIVE FORCE IS USED."
It is well established that one essential element of resisting arrest under R.C. 2921.33 is that there be a lawful arrest. A lawful arrest is an element of the crime. State v.Hendren, (1986), 110 Ohio App.3d 496, 674 N.E.2d 774. Lawful arrest is an element of the crime of resisting arrest, and failure to instruct on that element is reversible error. Hooverv. Garfield Heights Mun. Court, 802 F.2d 168 (C.A. 6, 1986). Absent a rational basis, an arrest is not lawful. The absence of this element, moreover, precludes a defendant's conviction for resisting arrest, and the defendant's motion for acquittal was therefore erroneously denied. Garfield Hts. v. Simpson
(1982), 82 Ohio App.3d 286, 611 N.E.2d 892. Absent probable cause and exigent circumstances, warrantless arrests in the home are prohibited by the Fourth Amendment. The exigent circumstances exception is generally limited to the investigation of felony offenses. R.C. 2921.33 does not prohibit resisting an unlawful arrest. Elyria v. Tress (1991),73 Ohio App.3d 5, 595 N.E.2d 1031. See, also, Columbus v. Henry
(1995), 105 Ohio App.3d 545, State v. Lamm (1992), 80 Ohio App.3d 510, and State v. Miller (1990), 70 Ohio App.3d 727. Assignment of Error IV is well taken and sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE HEARSAY STATEMENTS BY ONE WHO WAS AVAILABLE FOR TRIAL BUT NOT PRESENT PURSUANT TO EVIDENCE RULE 803(2)."
This assignment of error is not well taken. While examining the deputies on direct, the state asked questions about their initial contact with the complaining witness, Carol Brown. Such questions were necessary to establish why they went to Alley's home in the first place. Obviously there was a danger of getting into prejudicial hearsay, but the court specifically instructed the jury as follows, at T. 11, "* * * The jury will disregard anything the officer has said to this point concerning any statement made by Carol Brown. The jury may consider to this point statements of the officer based on of (sic) his observations of Carol Brown to this point." This was a proper instruction. Assignment of Error II is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS OF THE DEFENDANT PURSUANT TO EVIDENCE RULE 404(B)."
Evid.R. 404 provides:
 "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
The admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he committed the crime charged in the indictment. State v. Schaim (1992), 65 Ohio St.3d 51.
Evidence of other acts of a criminal defendant may be admissible, pursuant to Evid.R. 404(B) and R.C. 2945.59, only if one or more of the matters enumerated therein are a material issue at trial and only if such evidence tends to show the material enumerated matter. State v. Curry (1975), 43 Ohio St.2d 66; State v. Parrish (1991), 71 Ohio App.3d 659. The other acts evidence must be relevant to some issue involving proof of guilt. State v. Bobo (1989), 65 Ohio App.3d 685.
In this case, the state was attempting to prove that Alley had resisted arrest, and evidence that he appeared to be intoxicated and was combative does have some relevance, especially on the element of recklessness. In State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus, the court stated, "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." We do not find the trial court abused its discretion. Assignment of Error III is not well taken and is overruled.
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR A NEW TRIAL."
Assignment of Error V merely asserts that based on the grounds raised in Assignments of Error I through IV, a new trial should have been granted. In light of our holding on these claims of error, Assignment of Error V is moot, and to that extent is overruled.
Based on the foregoing, the judgment of the trial court is reversed and the Defendant-Appellee, Donald C. Alley, is discharged.
JUDGMENT REVERSED