OPINION
Defendant-appellant, Robert J. Hagstrom, appeals his jury convictions in the Butler County Court of Common Pleas for resisting arrest, attempted felonious assault, obstructing official business, and disorderly conduct. We affirm.
On the evening of October 4, 1997, Renee Weber was house-sitting for her cousin in Fairfield Township. Weber hosted a party that evening and some uninvited guests attended. When Weber asked the uninvited guests to leave, a fight erupted. The fight quickly ended and the uninvited guests proceeded to the home of their friend, appellant. Weber testified that the uninvited guests continued to yell and cause a disturbance in the neighborhood, and that she went to appellant's residence, two houses away, in an effort to defuse the situation. Despite Weber's efforts, someone called the Fairfield Township Police Department complaining about a disturbance in the neighborhood.
At approximately 4:30 in the morning of October 5, 1997, Officer James J. Souhrada of the Fairfield Township Police Department arrived at the scene to investigate the complaint. Within minutes, Deputy Kevin Mofield of the Butler County Sheriff's Department arrived. Upon their arrival, appellant testified that he told all of his friends to leave and he would explain things to the police. Officer Souhrada first approached and questioned Weber. Next, Officer Souhrada approached appellant, who was in his driveway just outside of his open garage. At this point, there was conflicting testimony as to the events that led to appellant's arrest. Appellant testified that he was just inside the garage when Officer Souhrada approached him. Officer Souhrada asked appellant if there was a problem and asked for identification. Appellant responded that he did not have identification, and that he lived on the premises. As Officer Souhrada continued to question appellant, he became loud and vulgar toward Officer Souhrada.
Upon hearing appellant's response, Deputy Mofield approached appellant and took a stance behind him. When appellant yelled that he was going to get his father, Deputy Mofield tapped appellant on the shoulder so he could continue the investigation. Both Deputy Mofield and Officer Souhrada testified that appellant lifted his elbow as he turned in an attempt to strike Deputy Mofield in the face. Deputy Mofield ducked and then attempted to obtain a hold on appellant. Appellant's nylon clothing made it difficult for the deputy to obtain a firm grasp. Appellant proceeded into the garage where the struggle continued. Both officers stated that they told appellant to stop fighting. Instead of complying with the officers' requests, appellant struggled, threatened the officers, and hit Deputy Mofield several times about his head and face with the deputy's flashlight. Appellant's mother opened the door to the garage from inside the house after hearing the struggle. Appellant fled into the house, where the officers were able to subdue and arrest him.
Appellant testified that he did not swing his elbow at Deputy Mofield, but that when he turned around he was tackled by Deputy Mofield, and hit several times with the deputy's flashlight. Appellant testified that he did not threaten the officers or strike Deputy Mofield before he fled into the house.
On December 17, 1997, an indictment was filed charging appellant with Count one, attempted felonious assault of Deputy Mofield, in violation of R.C. 2903.02(A)(1); Count two, felonious assault of Deputy Mofield, in violation of R.C. 2903.11(A)(2); Count three, assault on Officer Souhrada, in violation of R.C.2903.13(A); Count four, obstruction of official business, in violation of R.C. 2921.31(A); Count five, resisting arrest, in violation of R.C. 2921.33(A); Count six, disorderly conduct, in violation of R.C. 2917.11(A)(1); and Count seven, underage consumption, in violation of R.C. 4301.632.[1]
On December 30, 1997, appellant pled not guilty to the charges, and a jury trial was held on June 8, 1998. After three days of testimony, the jury found appellant not guilty of (1) felonious assault of Deputy Mofield; and (2) assault of Officer Souhrada. However, appellant was found guilty of (1) attempted felonious assault of Deputy Mofield; (2) obstructing official business; (3) resisting arrest; and (4) disorderly conduct.
By judgment entry filed on July 30, 1998, the trial court sentenced appellant to (1) three years in prison, a $5,000 fine, and three years of post release control for count one; (2) ninety days at the Butler County Jail for count four, to be served concurrently with count one; (3) ninety days at the Butler County Jail for count five, to be served concurrently with count one, but consecutively to count four; and (4) thirty days at the Butler County Jail for count six, to be served concurrently to count one, but consecutively to counts four and five.
Appellant filed a timely appeal and asserts one assignment of error as follows:
 THERE WAS INSUFFICIENT EVIDENCE TO JUSTIFY A CONVICTION ON ANY OF THE CHARGES.
In his sole assignment of error, appellant argues that there was insufficient evidence to find probable cause to arrest him so that he could not be found guilty of resisting arrest. In addition, appellant argues that there is insufficient evidence to support his convictions for attempted felonious assault, obstructing official business, and disorderly conduct. We disagree.
The sufficiency of the evidence is a legal standard to determine whether the evidence is legally sufficient as a matter of law to support a jury verdict. State v. Smith (1997), 80 Ohio St.3d 89,113. An appellate court's function when reviewing the sufficiency of the evidence is to inquire whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id., citing State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Thus, it is a test of "whether the state has met its burden of production at trial." State v. Thompkins (1997), 78 Ohio St.3d 380,390 (Cook, J. concurring).
Resisting Arrest
R.C. 2921.33(A) states: "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." Although the arrest itself must be lawful, it is not necessary to prove that the defendant is guilty beyond a reasonable doubt of the offense for which he was arrested. Statev. Maynard (1996), 110 Ohio App. 6, paragraph two of the syllabus. There must be probable cause for the arrest. Id. Therefore, the officers in the present case must have had a reasonable belief that appellant committed the offense for which he was initially arrested; attempted assault of Deputy Mofield.
To support his proposition that his arrest was unlawful, appellant makes three arguments. First, appellant argues that he did nothing unlawful when he turned from Officer Souhrada to go inside his house. Since there was no probable cause to arrest him, appellant claims that his arrest was unlawful, and his resistance was lawful. Appellant cites to State v. Maynard,110 Ohio App. 3d at 6, and State v. Hendren (1996), 110 Ohio App.3d 496, to support his argument. We agree that Hendren and Maynard
state that a `lawful arrest' is an essential element to support a conviction for resisting arrest. We further agree that a person cannot be lawfully arrested for using abusive language and shouting profanities absent threats of physical injury. Maynard,110 Ohio App.3d at 6. However, appellant was not arrested for using profane and vulgar language. Appellant was arrested after he threw his elbow in an attempt to assault Deputy Mofield. Therefore, Maynard is inapplicable in the present case.
In Hendren, the defendant's conviction for resisting arrest was not reversed because the arrest was unlawful. Rather, the appellate court found that the trial court erred when it (1) failed to instruct the jury on the element of `lawful arrest' in a prosecution for resisting arrest; and (2) instructed the jury that it is unlawful to resist an unlawful arrest. Therefore, Hendren
does not support appellant's position that his arrest was unlawful.
Second, appellant argues that his arrest was unlawful because the officers entered his house without a warrant to effectuate his arrest. To support this argument, appellant cites to City ofElyria v. Tress (1991), 73 Ohio App.3d 5. In that case, Tress' arrest was held to be unlawful since the police entered her home absent probable cause, exigent circumstances, and without a warrant. Id. at 8. In the present case, appellant testified that he was in his driveway, about "a foot or two outside" his garage before the struggle commenced.[2] Initially, the officers were present to investigate a disturbance in the neighborhood so they had sufficient reason to approach appellant to confirm or dispel any suspicion of appellant's involvement. See Terry v.State of Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. Appellant was not obligated to respond to the officers, however, once appellant swung at Deputy Mofield, appellant committed an unlawful act. Therefore, the officers were entitled to pursue appellant inside the garage and later into the house to complete a lawful arrest. See State v. Lomak (Mar. 11, 1999), Franklin App. No. 98AP-708, unreported, at 5-6, citing to United States v. Santana (1976),427 U.S. 38, 42-43, 96 S.Ct. 2406, 2409-10 (recognizing the hot pursuit exception, and stating that a person cannot avoid arrest by escaping from a public place into a private place).
Third, appellant argues that his arrest was unlawful since the officers failed to specifically inform him that he was under arrest pursuant to State v. Barker (1978), 53 Ohio St.2d 135.Barker states that an arrest exists when there is (1) an intent to arrest; (2) under real or pretend authority; (3) accompanied by actual or constructive seizure; and (4) which is understood by the person arrested. Id. at paragraph one of the syllabus. Determining whether an arrest has been effectuated is an objective test that is made on a case-by-case basis. State v. Huffman
(1987), 38 Ohio App.3d 84, paragraph one of the syllabus. It is established by the person's surrender or submission to police authority or by police exertion of detention or control over him.Id., 38 Ohio App.3d at paragraph two of the syllabus.
Appellant does not dispute the first three requirements underBarker; he argues that he did not understand he was under arrest. Specifically informing a person that he is under arrest would satisfy the fourth requirement under Barker. However, an officer is not required to specifically state that a person is under arrest in order to effectuate an arrest. Wolf v. State (1869),19 Ohio St. 248, paragraph two of the syllabus. See, also, State v.Finch (1985), 24 Ohio App.3d 38.
The record reflects that appellant committed the crime of attempted assault in the officers' presence. The officers informed appellant to stop and attempted to gain control of appellant. However, appellant fled from the officers and ignored their commands to stop. Even after the officers obtained control over appellant in the house, he still struggled with the officers. Based on these circumstances, we find that appellant understood he was under arrest.
In addition, the state produced sufficient evidence to support appellant's conviction for resisting arrest. At trial, Deputy Mofield testified that when he tapped appellant on the shoulder, appellant threw back his elbow at the deputy. Deputy Mofield attempted to subdue appellant, and told appellant to "stop right there" in order to place appellant under arrest. Officer Souhrada corroborated the deputy's account when he testified that when Deputy Mofield placed his left hand on appellant's shoulder, appellant threw his elbow back in a "cocked position like he was trying to throw him off or throw an elbow back" at Deputy Mofield.
Based on the foregoing, we find that (1) appellant was initially arrested for attempted assault of Deputy Mofield, not for his abusive and vulgar language, and (2) the record reflects that Officer Souhrada and Deputy Mofield had a reasonable belief that appellant attempted to strike Deputy Mofield. Accordingly, the officers had probable cause to arrest appellant. Since appellant's arrest was lawful, his actions resisting arrest were not justified. We further find that, if the officers' testimony is believed, there was sufficient evidence to support appellant's conviction for resisting arrest.
Attempted Felonious Assault
Attempted felonious assault is committed when a person knowingly attempts to cause serious physical harm to another. R.C. 2903.11(A)(1); R.C. 2923.02. In order to sustain appellant's conviction for attempted felonious assault, there must be sufficient evidence that appellant knowingly attempted to cause serious physical harm to Deputy Mofield. Serious physical harm involves some serious disfigurement or any physical harm which involves acute pain of such duration as to result in substantial suffering. R.C. 2901.01(A)(5)(d)(e).
In this case, the officers' testimony reveals that appellant threw an elbow at Deputy Mofield's face, struggled with Deputy Mofield, threatened to kill the officers, and gained control of Deputy Mofield's flashlight.[3] After appellant obtained the flashlight, he attempted several times to strike Deputy Mofield in the face and body. As a result of appellant's conduct, Deputy Mofield sustained injuries to his head, face, and body. In viewing this evidence in the light most favorable to the prosecution, we find that there was sufficient evidence to find that appellant knowingly seized the flashlight and struck Deputy Mofield on the head, face and body, from which a reasonable person could find that appellant knowingly attempted to cause serious physical harm.
Obstructing Official Business
R.C. 2921.31(A) states, "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties." Ohio courts have found that an affirmative act, not inaction, which hampers or impedes a public official in the performance of his lawful duties is a required element. State v. Cochenour (Feb. 16, 1989), Ross App. No. 1371, unreported, at 4. See, also, State v. Sciannamblo
(Aug. 17, 1987), Preble App. No. CA86-11-023, unreported. Accordingly, the accused must actually interfere with the performance of an official duty and make it more difficult. Statev. Whitt (June 18, 1990), Butler App. No. CA89-06-091, unreported, at 4-5. This does not imply that the accused must be successful in preventing the official from performing his duty. Id.
In the present case, the officers were at appellant's residence to investigate a disturbance complaint. The purpose of questioning appellant was to ascertain the source of the disturbance. Appellant eventually responded with physical violence toward the officers. We find that a reasonable fact finder could conclude that appellant was more than just rude and offensive to the officers. Appellant's attempted assault of Deputy Mofield was an affirmative act which was done purposely and without privilege to prevent the officers from questioning him any further. As a result, appellant interfered with the officers' investigation. Therefore, we find that there was sufficient evidence to support appellant's conviction for obstruction of official business.
Disorderly Conduct
R.C. 2917.11(A)(1) states that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another, by * * * [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." In order to establish the offense of disorderly conduct, the state must prove beyond a reasonable doubt that appellant recklessly engaged the officers in a fight, threatened to harm them, and engaged in violent behavior. A person acts recklessly when he acts with indifference to the consequences and "disregards a known risk that his conduct will likely cause a certain result." State v. Reid
(Dec. 27, 1993), Warren App. No. CA92-12-105, unreported, at 4-5.
The record reflects that despite the officers' command to stop fighting, appellant threatened the officers with physical harm, and continued to struggle with the officers such that the officers ultimately had to sit on top of appellant to get him under control. There is sufficient evidence to convince a reasonable person that appellant recklessly inconvenienced, annoyed, and alarmed the officers when he engaged the officers in a physical struggle before he was subdued and arrested. Accordingly, there was sufficient evidence to support appellant's disorderly conduct conviction.
Based on the foregoing, we find that there is sufficient evidence to support appellant's convictions. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] The underage consumption charge was dismissed by the state.
[2] On appeal appellant argues that he was inside the garage. However, his testimony at trial indicates that he was outside the garage.
[3] The officers testified that the flashlight was "heavy duty" and designed to be used as a weapon in place of a "billy club."