I respectfully dissent from the majority opinion.
Concededly, appellant's conduct was suspicious and justified the officer's inquiry. The circumstances warranted a consensual encounter and request for identification information. However, I do not find appellant's refusal to provide his identity or address, under these circumstances, provided a reasonable, articulable suspicion of criminal activity sufficient to change the nature of the initial consensual encounter into an investigatory detention, let alone a full custodial arrest.[1]
When appellant refused to provide the requested information and began to leave, he was arrested for obstructing official business. Because there was insufficient grounds to detain appellant, his refusal to provide identification information does not constitute obstruction of official business. The same conclusion was reached by the appellate court in State v. Collins where the court wrote, "we agree with the appellant that his mere refusal to disclose his name to a police officer will not support a conviction for obstructing official business."[2] Remaining silent in response to police interrogation may rise to the level of constitutional privilege.[3]
While the Ohio Supreme Court has held making an unsworn false oral statement to a public official with the purpose to mislead, tamper or impede the investigation of a crime is punishable conduct within the meaning of R.C. 2921.31(A), as noted the majority, this case is significantly different. In the case sub judice, no crime had been committed and appellant did not make a false statement with the purpose to mislead, hinder, or impede the investigation of the "uncommitted" crime. Because the encounter was consensual at the time the officer requested the identification information, I find appellant was not "without privilege" to refuse to answer; therefore, conclude the evidence was insufficient to sustain his conviction.
[1] The majority notes this case is somewhat similar to State v. Hill
(Feb. 6, 1992), Ashland App. No. CA-993, unreported. I find the fact the defendant in Hill had been legally detained a significant factual difference from that presented herein. Because of that factual distinction, I believe it is unnecessary to overrule Hill in this case, but state I believe Hill was wrongly decided. The fact the defendant inHill was exercising his privilege to drive does not bear on or diminish his privilege to remain silent.
[2] State v. Collins (1993), 88 Ohio App.3d 291, 294, affirmed on other grounds.
[3] Malloy v. Hogan (1964), 378 U.S. 1.