[Cite as *State v. Carthon*, 197 Ohio App.3d 677, 2012-Ohio-196.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | Appellate Case No. 2011-CA-21 |
| Appellee, | : | |
| | : | Trial Court Case No. 10-CRB-2143 |
| v. | : | |
| | : | |
| CARTHON, | : | (Criminal Appeal from |
| | : | Xenia Municipal Court) |
| Appellant. | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of January, 2012.

. . . . . . . . . . .

Ronald Lewis, Xenia Law Director, for appellee.

McCulloch, Felger, Fite & Gutmann Co., L.P.A., and Frank J. Patrizio, for appellant.

. . . . . . . . . . . .

HALL, Judge.

{¶ 1} Timothy Carthon appeals from his conviction and sentence on misdemeanor charges of menacing and disorderly conduct.

{¶ 2} Carthon advances two assignments of error on appeal. First, he claims that his attorney provided constitutionally ineffective assistance by failing to seek dismissal of the menacing charge on statutory speedy-trial grounds. Second, he contends that the trial court violated R.C. 2945.75 by entering a conviction and sentence for disorderly conduct as a

fourth-degree misdemeanor rather than a minor misdemeanor.

{¶ 3} Both of Carthon's convictions stemmed from a dispute he had with Central State University police officers in the early morning hours of October 18, 2010. The dispute concerned whether his car was parked illegally on campus. According to the officers, Carthon became verbally abusive and profane during the encounter. He also threatened to kill one of the officers. A jury found Carthon guilty of menacing and disorderly conduct as a result of the incident.[1] The trial court imposed a 30-day jail sentence for menacing, along with a $250 fine and court costs. It imposed a consecutive 30-day jail sentence for disorderly conduct, with 15 of those days suspended, and placed him on one year of probation. The trial court also fined him $250 for the disorderly conduct but suspended the fine on conditions. This appeal followed.[2]

{¶ 4} In his first assignment of error, Carthon alleges that his trial counsel provided constitutionally ineffective assistance by failing to seek dismissal of the menacing charge on speedy-trial grounds. Although Carthon waived speedy-trial time on the disorderly-conduct charge, he argues that this waiver did not apply to the menacing charge, which was added later. In response, the state asserts only that the time waiver applicable to the disorderly-conduct charge applied equally to the menacing charge.

{¶ 5} Upon review, we find Carthon's argument to be persuasive. The Ohio Supreme Court has recognized that "[w]hen an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of

---

[1] Parenthetically, we note that the jury acquitted Carthon of aggravated menacing.

[2] We have considered whether the present appeal might be moot insofar as it involves two misdemeanor convictions. Information obtained from the Xenia Municipal Court indicates, however, that Carthon remains on probation and that he has not paid his fines or costs. See *Ussher v. Ussher*, 2d Dist. No. 2009-CA-49, 2011-Ohio-1440, ¶ 6, fn. 3 (recognizing that an appellate court sua sponte may take judicial notice of certain facts to resolve a mootness issue). Therefore, the present appeal is not moot.

circumstances that are brought subsequent to the execution of the waiver." *State v. Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025 (1989), syllabus. In the present case, the disorderly-conduct and menacing charges arose from the same dispute between Carthon and Central State University police officers. Therefore, Carthon's speedy-trial waiver on the disorderly-conduct charge did not apply to the menacing charge, which was filed after the waiver.

{¶ 6} The Ohio Supreme Court also has made clear that " '[w]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.' " *Id.* at 68, quoting *State v. Clay*, 9 Ohio App.3d 216, 218, 459 N.E.2d 609 (1983). Here the disorderly-conduct and menacing charges arose out of the same facts, and the state knew those facts when it charged Carthon with disorderly conduct. Carthon was charged with disorderly conduct and issued a summons on October 18, 2010. He was not charged with menacing (and aggravated menacing) until more than 120 days later, on February 22, 2011. Even giving the state the benefit of the 90-day speedy-trial time applicable to the first-degree-misdemeanor, aggravated-menacing charge under R.C. 2945.71(B)(2), the menacing and aggravated-menacing charges were filed well after Carthon's speedy-trial time had expired. Under these circumstances, defense counsel provided deficient representation by failing to seek dismissal on speedy-trial grounds, and that deficiency prejudiced Carthon. As a result, ineffective assistance of counsel has been established. *Compare State v. Gray*, 2d Dist. No. 20980, 2007-Ohio-4549, ¶ 21. The first assignment of error is sustained.

{¶ 7} In his second assignment of error, Carthon contends that the trial court erred in convicting him of fourth-degree-misdemeanor disorderly conduct. He argues that neither the

complaint nor the guilty verdict stated the degree of his offense or included an additional element elevating it from a minor misdemeanor to a fourth-degree misdemeanor, as required by R.C. 2945.75. In response, the state claims that the trial court substantially complied with the statute because it gave a jury instruction consistent with fourth-degree misdemeanor disorderly conduct. Resolution of this assignment of error is governed by the terms of R.C. 2945.75 and the Ohio Supreme Court's decision in *State v. Pelfrey* , 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

{¶ 8} R.C. 2945.75 provides:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶ 9} Here, neither the complaint nor the verdict form stated the degree of Carthon's disorderly-conduct offense or included an additional element elevating the offense from a minor

misdemeanor to a fourth-degree misdemeanor.[3] In *Pelfrey*, the Ohio Supreme Court emphatically determined that "R.C. 2945.75(A) plainly requires that in order to find a defendant guilty of 'an offense * * * of more serious degree,' the guilty verdict must either state 'the degree of the offense of which the offender is found guilty' or state that 'additional element or elements are present.' R.C. 2945.75(A)(2) also provides, in the very next sentence, what must occur if this requirement is not met: 'Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.' When the General Assembly has written a clear and complete statute, this court will not use additional tools to produce an alternative meaning." 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 12.

{¶ 10} The state's argument that the trial court instructed the jury on fourth-degree-misdemeanor disorderly conduct is correct but unavailing. The trial court instructed the jury that the state was required to prove that Carthon persisted in disorderly conduct after a reasonable warning to desist. Undoubtedly, the jury had to conclude that this element was proven before it could return a guilty verdict. In *Pelfrey*, however, the majority expressly rejected the notion that noncompliance with R.C. 2945.75(A) may be excused based on a showing of "additional circumstances," including the presentation of "evidence to show the presence of the aggravated element at trial" or "by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." *Id.* at ¶ 14. Therefore, the fact that the state may have proven a fourth-degree-misdemeanor violation, and that the jury may have been so instructed, cannot overcome noncompliance with R.C. 2945.75(A). Carthon's second assignment

_____

[3]Under R.C. 2917.11(E)(2), disorderly conduct is a minor misdemeanor unless an additional element exists. Additional elements elevating disorderly conduct to a fourth-degree misdemeanor include committing the offense in the presence of a law-enforcement officer or persisting in disorderly conduct after a reasonable request to stop. *See* R.C. 2917.11(E)(3)(a) and (c).

of error is sustained.

{¶ 11} The *Pelfrey* analysis fails to recognize that the defendant can waive most purported defects in the charging instrument or in the verdict form. Here, the original charging instrument does not specify that disorderly conduct was charged as a fourth-degree misdemeanor. Nor does it contain language that the defendant persisted after warning. Nevertheless, the waiver of time the defendant signed classifies the offense as an "M-4." Moreover, the defendant filed a jury demand and had a jury trial on the disorderly-conduct offense. He was not entitled to a jury trial if the offense was only a minor misdemeanor. Furthermore, as previously stated, the jury was instructed that part of the offense was that the defendant persisted after reasonable warning. The jury was instructed that it must return a verdict of not guilty if the prosecution failed to prove every essential element. Finally, before submission of the case, the trial court specifically asked counsel if there were objections to the verdict forms, and counsel for the defendant said, "No objections."

{¶ 12} The failure to recognize the proceedings in the previous paragraph as a waiver results in the ironic anomaly that the defendant is better off because of his counsel's failure to object. If counsel had raised the inadequacy of either the charging instrument or the verdict form, leave likely would have been granted to amend the complaint, and the verdict form would have been corrected. If the trial court did not permit amendment or correction, then the defendant could have been convicted only of the lesser charge. But, because counsel did not raise the inadequacy of the complaint or the verdict form, *Pelfrey* dictates that the defendant could be convicted only of a minor misdemeanor even when he undoubtedly knew that he was charged with a fourth-degree misdemeanor, had a jury trial on a fourth-degree misdemeanor, and had a jury determine that he committed each of the elements of a fourth-degree misdemeanor.

{¶ 13} Having sustained both assignments of error, we hereby vacate Carthon's menacing conviction and reverse his fourth-degree-misdemeanor, disorderly-conduct conviction, and we remand the cause for the trial court to enter a judgment convicting him of minor-misdemeanor disorderly conduct and sentencing him accordingly.

Judgment reversed in part

and vacated in part,

and cause remanded.

. . . . . . . . . . . . .

GRADY, P.J., concurs separately.

FROELICH, J., concurs separately.

GRADY, Presiding Judge, concurring.

{¶ 14} Section 16, Article I of the Ohio Constitution guarantees all persons a "remedy by due course of law." The provision is the equivalent of the due-process requirements of the federal constitution. *Adler v. Whitbeck*, 44 Ohio St. 539, 9 N.E. 672 (1887); *Sorrell v. Thevenir*, 69 Ohio St.3d 415, 633 N.E.2d 504 (1994). Unlike the due-process clause, however, Section 16, Article I is not an independent source of self-executing provisions. "Rather, it is a statement of fundamental ideals upon which a limited government is created. But it requires other provisions of the Ohio Constitution or legislative definition to give it practical effect." *State v. Williams*, 88 Ohio St.3d 513, 523, 728 N.E. 2d 342 (2000).

{¶ 15} R.C. 2945.75 is a legislative enactment that by its terms gives practical effect to

the due-course-of-law principle in Section 16, Article I. It imposes a procedural requirement that, like procedural due process, is concerned with the fairness of procedures that the government must follow before a person is deprived of life, liberty, or property. R.C. 2945.75 was enacted by the General Assembly pursuant to the broad legislative powers that Section 1, Article II of the Ohio Constitution confers. R.C. 2945.75 imposes a limitation on the exercise of the state's inherent police power and in that respect, also confers a concomitant positive right on criminal defendants.

{¶ 16} R.C. 2901.04(A) provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." We cited that provision in *State v. Pelfrey*, 2nd Dist. No. 19955, 2005-Ohio-5006, ¶ 21,[4] as a basis to reject a rule of substantial compliance with R.C. 2945.75. The Supreme Court affirmed our decision in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, holding that "additional circumstances," *id*. at ¶ 14, such as overwhelming evidence of an aggravating circumstance or a defendant's failure to object to a jury instruction concerning the aggravating circumstance, cannot cure failures to comply with the express terms of R.C. 2945.75. The same would apply to the matters of waiver or acquiescence to which Judge Hall refers. To so hold would offend the "due course of law" requirement that R.C. 2945.75 imposes.

. . . . . . . . . . . . .

FROELICH, Judge, concurring.

{¶ 17} I concur only to emphasize that a defendant cannot be convicted of something he or she is not charged with, regardless of proof at trial. Appellant was charged with only the

---

[4] In *Pelfrey*, we followed our prior holding in *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964.

minor misdemeanor of disorderly conduct, irrespective of what the court, the prosecutor, the defense attorney, or appellant thought the charge was.

{¶ 18} If a request to amend the complaint had been made, the court would then have had to consider, for example, questions related to Crim.R. 7(D), speedy trial, prejudice, continuance, and lesser included offenses.   But such issues are not before us.

. . . . . . . . . .