**[Cite as *State v. Mahmood*, 2019-Ohio-5041.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

SAJJAD S. MAHMOOD,

    DEFENDANT-APPELLANT.

CASE NO. 16-19-02

O P I N I O N

---

Appeal from Upper Sandusky Municipal Court
Trial Court No. TRD-18-6348

Appeal Dismissed, Cause Remanded.

Date of Decision:  December 9, 2019

---

**APPEARANCES:**

    *April F. Campbell* **for Appellant**

    *Kathryn M. Collins* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Sajjad Mahmood ("Mahmood") brings this appeal from the judgment of the Upper Sandusky Municipal Court finding him guilty of speeding in violation of R.C. 4511.21(D)(3) and imposing sentence. On appeal, Mahmood argues that the trial court improperly enhanced the offense to a fourth-degree misdemeanor although the ticket only charged him with a minor misdemeanor. For the reasons set forth below, the appeal is dismissed for lack of a final, appealable order.

{¶2} On December 2, 2018, Trooper McLaughlin stopped Mahmood and issued a citation for excessive speed in violation of R.C. 4511.21(D)(3). Doc. 1. The citation indicated that Mahmood was traveling at a speed of 80 mph in a 65 mph speed zone. *Id.* The citation also indicated in the remarks box that it was Mahmood's "5th speeding citation in 12 months".[1] *Id.* In addition to the ticket, the record includes a printout showing the following convictions for speed violations within the twelve months prior to this citation:

| | |
|---|---|
| 3/1/18 | Conviction in Franklin County Municipal Court for traveling 84 mph in a 55 mph zone from October 18, 2017. |
| 3/1/18 | Conviction in Franklin County Municipal Court for traveling 29 mph in a 25 mph zone from November 11, 2017. |

---

[1] The language on the citation was amended to say 4th offense rather than the 5th on December 3, 2018.

> 4/16/18     Conviction in Franklin County Municipal Court for traveling 44 mph in a 40 mph zone from February 9, 2018.

Doc. 3-4. On April 29, 2019, a change of plea hearing was held where Mahmood agreed to enter a plea of no contest to the citation. Doc. 16. The trial court found Mahmood guilty and sentenced him. *Id.* Mahmood filed a timely notice of appeal and on appeal raises one assignment of error.

> **Mahmood's conviction and sentence should be reversed: The trial court improperly enhanced Mahmood's offense to a fourth-degree misdemeanor when his ticket only charged him with a minor misdemeanor speed.[2]**

{¶3} The sole assignment of error is that the trial court erred by "enhancing" the conviction from a minor misdemeanor to one of a higher degree. Mahmood was convicted of a violation of R.C. 4511.21(D)(3), which states in pertinent part as follows.

> **No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:**
>
> **\* \* \***
>
> **(3) At a speed exceeding sixty-five miles per hour upon an expressway as provided in division (B)(13) or upon a freeway as provided in division (B)(16) of this section, except upon a freeway as provided in division (B)(14) of this section;**

---

[2] This court notes that the notice of appeal states that Mahmood was convicted of a third degree misdemeanor and the appeal states that he was convicted of a fourth degree misdemeanor. A review of the change of plea hearing and the judgment entry does not indicate what the degree of the offense was for which Mahmood was convicted.

R.C. 4511.21(D)(3). A violation of this provision is a minor misdemeanor, unless division (P)(1)(b) or (c) applies. R.C. 4511.21(P)(1)(a).

> **(b) If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to two violations of any provision of this section or of any provision of a municipal ordinance that is substantially similar to any provision of this section, a misdemeanor of the fourth degree;**
>
> **(c) If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to three or more violations of any provision of this section or of any provision of a municipal ordinance that is substantially similar to any provision of this section, a misdemeanor of the third degree.**

R.C. 4511.21(P)(1)(b-c).

{¶4} Regardless of the degree to which Mahmood could have been convicted, this court cannot reach this question because there is no final appealable judgment to review. "An appellate court may consider jurisdictional issues involving final, appealable orders sua sponte." *State v. Rexrode*, 2017-Ohio-8837, ¶ 8, 100 N.E.3d 1089 (10th Dist.). "[A] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 14, 958 N.E.2d 142 modifying *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶5} A review of the record in this case indicates that there was no clear indication as to the degree of the offense for which Mahmood was charged. The

amended citation indicated that this was Mahmood's fourth citation within one year. The statute requires convictions. At the change of plea hearing, the trial court did not address the degree of the offense or the prior convictions in any manner.[3] The trial court merely stated that he was making a finding of guilty, not what the degree of the offense was. Tr. 13. When asked whether the State cared to be heard with regard to the facts, the State responded "No, Your Honor." Tr. 6. The trial court did not make any findings regarding any prior convictions. The only discussion occurred when the counsel for Mahmood stated that Mahmood's "record stinks." Tr. 7. Although the trial court indicated that it had looked at Mahmood's record, he does not address whether any of the convictions were in the year prior to the offense charged.[4] Tr. 10. A review of the transcript shows that the trial court did not state the statutory section or even the name of the offense before accepting the no contest plea and finding him guilty. During the hearing, the following dialogue occurred regarding the finding of guilt and the offense.

> **The Court: All right. All right. Then based upon the plea of no contest, as well as the officer's statement and statements made in court, I will make a finding of guilty.**
>
> **Mr. Grafmiller, does the State care to be heard with regards to penalty?**
>
> **Mr. Grafmiller: No, sir, Your Honor.**

---

[3] The word misdemeanor only appears in the transcript one time and that was during a statement by Mahmood's counsel indicating that Mahmood had been convicted of a fourth degree misdemeanor in another case after he was charged in this case, but before he was convicted.

[4] The trial court refers to Mahmood's record in which he was driving 114 miles an hour, however, that speed was not listed in any of the violations put on the record and had no relation to the three convictions within the 12 months preceding the current offense.

\* \* \*

**The Court:  Based upon your plea of no contest and the officer's statement, as I said, I'll make a finding of guilty.**

Tr. 7, 13.

{¶6} The judgment entry is silent as to the degree of the offense.  The entry merely states that Mahmood was found guilty of speed in violation of R.C. 4511.21(D)(3).  Doc. 16.  The section of the statute which determines the degree of the offense is 4511.21(P).  This section was not referenced.  The entry also failed to state that there were any prior convictions within one year of the current offense which would allow the sentence to be enhanced.  This Court notes that the criminal appeal docketing statement indicated that Mahmood was convicted of a third degree misdemeanor.  Doc. 17.  However on appeal, Mahmood's assignment of error and argument indicates that he was convicted of a fourth degree misdemeanor. Appellant's Brief.  The State's brief does not indicate the level of misdemeanor for which Mahmood was convicted, but also does not contradict the claim that it was a fourth degree misdemeanor.  Appellee's Brief.  This Court has no way of knowing by reviewing the judgment entry, or even the change of plea hearing, to what level of offense Appellant was entering his plea of no contest.  This Court also has no way of knowing what the degree of offense was for which Appellant was convicted as the record does not indicate this fact.  As a result, the judgment is not a final, appealable order because it does not fully set forth for what Appellant was convicted

as required by Criminal Rule 32(C). The fact that the State may have had enough evidence in the record to support a conviction greater than a minor misdemeanor is not sufficient to resolve this issue. *See State v. Carthon*, 197 Ohio App.3d 677, 2012-Ohio-196, ¶ 10, 968 N.E.2d 576.

{¶7} Since there is no final, appealable order and this court lacks jurisdiction to entertain the appeal, the appeal is dismissed.

*Appeal Dismissed*
*Cause Remanded*

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**