[Cite as *State v. Harrell*, 2026-Ohio-381.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.    C-250344
                                                   TRIAL NO.     B-2404448
    Plaintiff-Appellee,              :

  vs.                                    :

SHANEEN HARRELL,                        :          *JUDGMENT ENTRY*

    Defendant-Appellant.             :


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 2/6/2026 per order of the court.**


**By:**_____
      **Administrative Judge**

[Cite as *State v. Harrell*, 2026-Ohio-381.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                 :      APPEAL NO.   C-250344
                                      TRIAL NO.    B-2404448
    Plaintiff-Appellee,    :

  vs.                          :

SHANEEN HARRELL,               :           *O P I N I O N*

    Defendant-Appellant.   :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 6, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Scott Heenan,* Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**BOCK, Judge.**

{¶1}    Defendant-appellant Shaneen Harrell appeals her conviction and the 12-month prison sentence imposed for her complicity in the theft of merchandise worth more than $2,000 from a Meijer store. In three assignments of error, she argues that (1) Ohio's sentencing statutes mandated a sentence of community control for the theft offense, (2) the State presented insufficient evidence to convict her of being complicit in the theft, and (3) her conviction is contrary to the weight of the evidence. We disagree and affirm her conviction.

{¶2}    First, the trial court had discretion to impose a term of incarceration under R.C. 2929.13(B)(1)(b)(iii) because Harrell violated a condition of her bond when she failed to appear at a pretrial hearing.

{¶3}    Second, a rational fact finder viewing the evidence in a light favorable to the State could find that, by driving the principal offenders to Meijer, collecting some of the merchandise that the principal offenders stole, and reconvening with the principal offenders after the thefts, Harrell was complicit in the theft from Meijer.

{¶4}    Third, her theft conviction is not contrary to the weight of the evidence because the evidence raises an inference that Harrell did not end her participation in the theft when she walked out of the store empty handed because she reconvened with principal offenders, therefore continuing her participation in the thefts.

{¶5}    We overrule Harrell's assignments of error and affirm her conviction.

### I.  Factual and Procedural History

{¶6}    The State charged Harrell with theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony. According to the bill of particulars, Harrell and others stole a PlayStation 5 console and controllers, an Apple iPad mini, Apple Air Pods, backpacks, and lunch boxes from a Meijer store in Cincinnati, Ohio.

## A. *Harrell's bond conditions*

**{¶7}** The trial court set Harrell's bond at ten percent of $2,000 "Alt EMD + OR." Harrell's bond was conditioned on her "appear[ence] before the Court . . . as required by law, from day to day until final disposition by the Court." Although Harrell did not appear at a pretrial hearing in October 2024, the trial court did not fault her because Harrell "wasn't even made aware of [the pretrial hearing] date." Harrell missed another pretrial hearing in late November 2024 because she had to work.

**{¶8}** Harrell failed to appear at a pretrial hearing in February 2025. The trial court issued a capias warrant for Harrell's arrest and declared that Harrell had forfeited her bond. Harrell appeared at the next hearing, explaining that she had just been released from a Warren County jail and mistakenly attended her daughter's hearing on February 5 instead of her own. The trial court released Harrell on her own recognizance with electronic monitoring.

## B. *Harrell's jury trial*

**{¶9}** The State tried Harrell and Keniyah Jenkins, Harrell's daughter, as co-defendants. To prove Harrell's complicity in the theft, the State presented surveillance footage from 11 security cameras throughout the Meijer store. Tyler Vest, a Meijer security guard, narrated the footage for the jury. The footage had no audio.

**{¶10}** In the footage, Harrell parked a black car in the Meijer parking lot. Harrell's son ("Son") and nephew ("Nephew") exited from the vehicle, entered Meijer, and walked to the electronics department. Minutes later, Harrell and Jenkins walked into the store.

**{¶11}** The footage showed Nephew in Meijer's "electronics backroom," which holds "[h]igh-end merchandise" and expensive electronics. There, Nephew retrieved a PlayStation 5 console and controller. He walked out of the electronics backroom,

4

placed the console and controller in a backpack on a shelf in the electronics department, and left the electronics department.

{¶12} Harrell, pushing a shopping cart filled with a "book bag and lunch boxes," along with Jenkins and Son, followed Nephew to the backpack containing the console and controller. Nephew placed the backpack, console, and controller in Harrell's shopping cart. Harrell, Jenkins, Son, and Nephew stood a few feet from the shopping cart and appeared to have a brief conversation.

{¶13} After that exchange, Harrell and Jenkins left Son and Nephew with the cart and left the Meijer store. They headed in the direction of a Target store next door.

{¶14} Meanwhile, Nephew returned to the electronics backroom with a backpack and retrieved Apple iPads and Air Pods. He walked through the store carrying the backpack filled with Apple products, past the store greeter, and out of the store. The footage showed Nephew walking to Harrell's car with the backpack and then walking away from the car without the backpack, toward Target.

{¶15} Son, still in the store, walked to the outdoor garden center, tossed the backpacks and lunch boxes from the cart over the fence, and carried the PlayStation 5 console over the fence. Son looped around the back of Meijer and walked to Target. Around ten minutes later, Son walked to Harrell's car and drove towards the highway.

{¶16} Detective Steele, who investigated the thefts, arrested Harrell. The State played Steele's bodycam, which recorded Harrell's arrest, for the jury. During the arrest, Steele remarked that they "have her on camera too," which prompted Harrell to declare that she "wasn't on camera touching . . . shit." Steele agreed that Harrell did not personally take any merchandise out of the store.

{¶17} The jury found Harrell guilty.

C. *Sentencing*

{¶18}  At sentencing, Harrell's attorney explained that Harrell is a mother of six children and facing eviction after "being placed on 24-hour EMU lockdown." As this was Harrell's first felony conviction, her attorney asked the trial court to impose a community-control sanction. Harrell apologized, though she told the trial court that she did not plan or participate in the theft with Son and Nephew. After the trial court pointed out Harrell's "thefts from . . . 2024, 2022, 2019, 2017, 2016, 2015, 2013, 2012, 2010," Harrell admitted to having a problem but insisted that she had changed.

{¶19}  The trial court found that Harrell showed "no remorse" and did not "accept responsibility." Harrell then conceded to participating in the theft and could not explain why she had denied her participation minutes earlier. Citing Harrell's prior thefts, the trial court imposed a 12-month prison sentence and ordered restitution.

## II.  Analysis

{¶20}  On appeal, Harrell challenges her conviction and sentence in three assignments of error. First, she argues that the record does not support a prison sentence. Second and third, she claims that the evidence did not prove that she aided and abetted Son and Nephew in the theft.

A. *The statutory presumption of community control did not apply to Harrell because she violated a condition of her bond*

{¶21}  The trial court sentenced Harrell to 12 months in prison for theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony. Harrell argues that a conviction for a nonviolent fifth-degree felony offense carries a presumption of community control and the record does not support a deviation from that statutory presumption.

{¶22}  Under R.C. 2953.08(G)(2)(a), we may increase, reduce, or modify a felony sentence if this court clearly and convincingly finds that "the record does not

support the sentencing court's findings under division (B). . . of section 2929.13." In addition, we may increase, reduce, or modify a felony sentence that is clearly and convincingly contrary to law. R.C. 2953.08(G)(2)(a).

{¶23} Ohio's sentencing statutes dictate that certain defendants convicted of nonviolent fourth- or fifth-degree felony offenses must be sentenced to community-control sanctions. *See* R.C. 2929.13(B)(1)(a). That presumption of community control applies if the defendant (1) has no previous felony convictions, (2) is being sentenced for only a fourth- or fifth-degree felony, and (3) has no prior convictions for misdemeanor offenses of violence in the two years before sentencing. *See* R.C. 2929.13(B)(1)(a)(i)-(iii).

{¶24} Harrell argues that she satisfies those conditions and was entitled to a sentence of community-control sanctions. The State does not dispute that Harrell satisfies that criteria, but it points out that Harrell violated the terms of her bond when she did not appear at her pretrial hearing, and that violation triggered the trial court's discretionary authority to sentence Harrell to a term of incarceration. We agree.

{¶25} Relevant here, the presumption of community control does not apply, and the trial "court has discretion to impose a prison term," if the defendant "violated a term of the conditions of bond as set by the court." R.C. 2929.13(B)(1)(b)(iii). Here, Harrell did not appear in court and violated her bond conditions. The trial court revoked her bond and issued a capias warrant in response. Therefore, the trial court had discretion to sentence Harrell to prison under R.C. 2929.13(B)(1)(b)(iii). As a result, Harrell's sentence is not contrary to law.

{¶26} While Harrell's assignment of error states that the record does not support a prison sentence, she fails to marshal a record-based argument in her brief. Though that argument is underdeveloped, the trial court cited Harrell's nine prior

convictions for theft offenses and her lack of remorse. Harrell's history of theft convictions supports the trial court's imposition of a 12-month prison sentence. In other words, we do not find that the record clearly and convincingly does not support the sentencing court's findings.

{¶27} We overrule Harrell's first assignment of error.

## B. *The evidence sufficed to prove that Harrell was complicit in the theft*

{¶28} In her second assignment of error, Harrell argues that the evidence is insufficient to convict her for aiding and abetting the theft.

### 1. *Complicity to theft*

{¶29} By challenging the sufficiency of the evidence, Harrell "is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law." *State v. Mosley*, 2025-Ohio-4448, ¶ 52 (1st Dist.). In a sufficiency review, we view the evidence in a light most favorable to the State and determine whether a reasonable juror could have found that the State's evidence proved every element of the offense. *Id.*

{¶30} The trial court convicted Harrell of theft in violation of R.C. 2913.02(A)(1), which states that no person, "with purpose to deprive the owner of property . . . shall knowingly obtain or exert control over" another person's property without permission.

{¶31} Harrell recognizes that the State prosecuted her as complicit in the theft. Under R.C. 2923.03(A)(2), a person with the requisite culpability may not aid or abet another person in committing a crime. Aiding or abetting is a form of complicity and requires proof that the defendant "supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson*, 2001-Ohio-1336, ¶ 31.

Both circumstantial and direct evidence can prove that the defendant aided or abetted the principal offender. *State v. Seals,* 2015-Ohio-517, ¶ 32 (8th Dist.).

**{¶32}** Aiding or abetting requires more than a mere association with the principal offender or mere presence at the scene of the crime. *In re A.R.*, 2025-Ohio-1160, ¶ 22 (1st Dist.). And "'there must be something more than a failure to object [to the criminal offense] unless [the defendant] is under a legal duty to object.'" *State v. Mendoza,* 137 Ohio App.3d 336, 342 (3d Dist. 2000), quoting *State v. Stepp*, 117 Ohio App.3d 561, 568-569 (4th Dist. 1997). The defendant must affirmatively act—a gesture, deed, or communication—that proves the defendant assisted, encouraged, or participated in the crime. *State v. Tobias,* 2003-Ohio-2236 ¶ 28 (1st Dist.), quoting *State v. Mootispaw*, 110 Ohio App.3d 566, 570 (4th Dist. 1996). A defendant's participation in the crime can be inferred "from the defendant's conduct, presence, and camaraderie before and after the offense." *In re A.R.* at ¶ 22.

**{¶33}** Moreover, the State must prove that the defendant "share[d] the wrongdoer's criminal intent." *Id.* For theft offenses, the State must prove that the defendant acted purposefully, that it was the defendant's "specific intention to" deprive another of their property. R.C. 2901.22(A).

*2. The State's evidence was sufficient to prove aiding and abetting*

**{¶34}** Harrell argues that she was simply present in the store and then left with no merchandise, and therefore did not assist, encourage, or participate in Son's and Nephew's thefts. It is true that Harrell did not exit from the store with merchandise in her hand or alongside Son or Nephew.

**{¶35}** But when viewed in a light most favorable to the State, the evidence is sufficient to establish that Harrell participated in the theft. Harrell drove Son and Nephew to Meijer. She brought a shopping card with backpacks and lunch boxes into

the electronics department, where Nephew had placed the PlayStation 5 console and controller. After the four had a short exchange, they parted ways and then reconvened at another store next to Meijer. And the objects in Harrell's shopping cart ultimately were stolen from Meijer.

**{¶36}** A rational fact finder could find that the State's evidence proved Harrell's participation in the theft and her intent to deprive Meijer of its property. Because the evidence is sufficient to prove that Harrell aided or abetted the theft, we overrule the second assignment of error.

### C. *Harrell's conviction is not contrary to the weight of the evidence*

**{¶37}** In her final assignment of error, Harrell argues that her conviction is against the manifest weight of the evidence.

**{¶38}** Even if a conviction is supported by sufficient evidence, the conviction may still be contrary to the manifest weight of the evidence if "'"the *greater amount of credible evidence*"'" disproves an element of the offense. (Emphasis in *Thompkins.*) *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Black's Law Dictionary* (6th Ed. 1990). A manifest-weight challenge is best suited for a conviction that rests on "'conflicting evidence.'" *State v. Protich,* 2025-Ohio-2981, ¶ 12 (1st Dist.), quoting *State v. Tate,* 2014-Ohio-3667, ¶ 20. A conviction may be reversed as contrary to the manifest weight of the evidence if an independent review of the record reveals that "the jury clearly lost its way and created a manifest miscarriage of justice." *State v. Saleem*, 2024-Ohio-3162, ¶ 42 (1st Dist.). That independent review of the record requires this court to "weigh the evidence and all reasonable inferences[] and consider the credibility of all witnesses." *Id.*

**{¶39}** Harrell combines her manifest-weight and sufficiency arguments, making it difficult to distinguish between her arguments in support of each assignment

of error. Courts have disapproved of this practice, explaining that "it is not proper to combine sufficiency and manifest weight arguments in one assignment of error." *State v. Skanes*, 2025-Ohio-4462, ¶ 60 (8th Dist.). Harrell does argue that she ended her participation in the offense, which is better suited for a manifest-weight review. Harrell cites the fact that she left the store with no items, which she insists amounts to a "complete and voluntary renunciation of the criminal purpose of theft."

**{¶40}** But participation can be inferred from "presence, companionship and conduct before and after the offense is committed." *Johnson,* 2001-Ohio-1336 at ¶ 29, quoting *State v. Pruett,* 28 Ohio App.2d 29, 34 (4th Dist. 1971). And here, the footage showed an exchange between Harrell, Jenkins, Son, and Nephew in the electronics department before splitting up, separately leaving Meijer at different times, and all walking toward the store next to Meijer. This raises an inference that Harrell, Jenkins, Son, and Nephew planned to reconvene at the other store after the thefts. So, the totality of Harrell's actions reveal she did not end her participation in the offense when she left Meijer without any merchandise.

**{¶41}** Therefore, we cannot say that the jury lost its way and created a manifest miscarriage of justice when it found Harrell guilty of theft. We overrule the third assignment of error.

### III. Conclusion

**{¶42}** In conclusion, we overrule Harrell's three assignments of error and affirm her conviction.

Judgment affirmed.

**ZAYAS, P.J.,** and **NESTOR, J.,** concur.